J-S24010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANNON BESS | |
| Appellant | No. 2197 EDA 2014 |

Appeal from the PCRA Order July 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0206641-2006

BEFORE: GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MAY 22, 2015**

Appellant, Shannon Bess, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> APPELLANT WAS DENIED DUE PROCESS OF LAW BY INEFFECTIVE ASSISTANCE OF [TRIAL] COUNSEL.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> APPELLANT WAS DENIED DUE PROCESS OF LAW BY INEFFECTIVE ASSISTANCE OF [PCRA] COUNSEL DURING COLLATERAL REVIEW.
>
> THE [PCRA] COURT ERRED IN DISMISSING THE INITIAL COLLATERAL PETITION PROPERLY FILED FOR REVIEW.

(Appellant's Brief at 4).

Preliminarily we observe, "to preserve their claims for appellate review, appellants must comply whenever the [PCRA] court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Here, in his first issue, Appellant argues, *inter alia*, trial counsel was ineffective for advising Appellant to waive his right to testify and for failing to interview potential witnesses. In his second issue, Appellant alleges PCRA counsel's ineffectiveness prevented Appellant from raising trial counsel's ineffectiveness in those respects. Appellant failed to raise these particular claims, as well as his third issue on appeal, in his Rule 1925(b) statement. Therefore, they are waived. *See id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey P. Minehart, we conclude Appellant's remaining claims merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed August 14, 2014, at 6-

- 2 -

8) (finding: **(1)** Appellant failed to present any evidence to support purported affirmative defenses, including defense of others; Appellant strung together disparate statements of law without explaining what relevance they had to his case; this lack of explanation was fatal to Appellant's case because law is clear that PCRA petitioner claiming ineffectiveness is obligated to allege sufficient facts from which reviewing court can determine counsel's ineffectiveness; review of evidence demonstrates affirmative defenses, including defense of others, had no application to Appellant's case because, after attempting to shoot victim, Appellant chased victim and shot him several times at close range; Appellant's ineffective assistance of trial counsel claim does not entitle Appellant to relief as it lacks merit; **(2)** Appellant preserved claim alleging PCRA counsel's ineffectiveness by raising claim in Appellant's *pro se* response to Rule 907 notice; Appellant's *pro se* response to Rule 907 notice did not identify single meritorious claim that PCRA counsel failed to raise on collateral review; PCRA counsel complied with rules governing "no-merit" letters as he addressed all of Appellant's claims in letter, advised Appellant of his rights, supplied Appellant with copy of letter, and filed motion to withdraw; Appellant's ineffective assistance of PCRA counsel claim lacks merit and does not entitle Appellant to relief).[2]

_____

[2] The following error appears in the cited section of the PCRA court's opinion: page 7, line 5, **Commonwealth v. Henkel**, 90 A.3d 16, 22-23 (Pa. 2014) should be (Pa.Super. 2014).

The record supports the PCRA court's decision; therefore, we see no reason to disturb it. Accordingly, as to those properly preserved claims, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2015

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      COURT OF COMMON PLEAS
                                      : PHILADELPHIA COUNTY
                                        :
                 vs.                           : NO.: CP-51-CR-0206641-2006
                                        :

SHANNON BESS,                               : **FILED**
             Defendant                    :

AUG 1 4 2014

Criminal Appeals Unit
First Judicial District of PA

## OPINION

        Defendant, Shannon Bess, was charged, *inter alia*, as of the above bill and term number with murder generally, violations of the Uniform Firearms Act, and possessing instruments of crime, generally. These charges were lodged against defendant following an incident that occurred on June 27, 2005, during which defendant shot and killed Denzell Chandler.[1] Defendant was tried before the Honorable Jane C. Greenspan, sitting without a jury, in November of 2006 and was found guilty of third-degree murder, violations of the Uniform Firearms Act, and possessing instruments of crime, generally.[2] On January 31, 2007, defendant received an aggregate sentence of twenty-two and one-half to forty-five years' incarceration.

        Following the imposition of sentence, defendant filed a timely notice of appeal. On May 17, 2012, the Superior Court issued a memorandum and order affirming the judgment of sentence. Commonwealth v. Shannon Bess, 503 EDA 2007. Defendant

---

[1] For a summary of the facts underlying defendant's convictions please refer to Justice Greenspan's opinion dated March 16, 2007.

[2] The Honorable Jane C. Greenspan was appointed to the Pennsylvania Supreme Court in July of 2008.

1

thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on September 6. 2012.

On February 28, 2013, defendant filed a *pro se* petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* Counsel was appointed to represent him and on February 13, 2014, counsel filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and a Motion to Withdraw as Counsel. This Court, after carefully reviewing the record, defendant's various filings, and counsel's no-merit letter, accepted counsel's letter and sent defendant a Pa.R.Crim.P. 907 notice of dismissal on May 27, 2014, to which defendant filed a response. On July 1, 2014, this Court, having meticulously reviewed the record and counsel's filings issued an order denying defendant post-conviction collateral relief and permitting PCRA counsel to withdraw.

Following the dismissal of his PCRA petition, petitioner filed *pro se* a notice of appeal and a requested Pa.R.A.P. 1925(b) statement.

## DISCUSSION

In his 1925(b) statement defendant raises the following claims:[3]

> 1.) The evidence was insufficient to support the charges because the Commonwealth failed to prove each of the crimes defendant was convicted of committing beyond a reasonable doubt;
>
> 2.) Trial counsel was ineffective for failing to present an affirmative or sound defense; and
>
> 3.) PCRA counsel was ineffective for failing to correspond with defendant.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are

---

[3] The issues raised by defendant have been reordered and rephrased for ease of review.

2

supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

None of the foregoing claims entitle defendant to relief and it is suggested that the order of this court be affirmed.

Regarding defendant's attack premised on the sufficiency of the evidence, it is clear that with respect to the charge of third-degree murder the claim has been previously litigated. Defendant raised the claim on direct appeal and the Superior Court deemed it lacking in merit. Consequently, pursuant to 42 Pa.C.S. § 9543(a)(3) and 42 Pa.C.S. § 9544(a), defendant is foreclosed from relitigating this issue under the PCRA. See Commonwealth v. Murray, 836 A.2d 956, 960 (Pa. Super. 2003) ("When an issue has been previously litigated, post-conviction relief is not available where a new theory of relief is proffered. Commonwealth v. Morales, 549 Pa. 400, 701 A.2d 516, 521 (1997))."

Defendant is also precluded from raising an issue challenging the sufficiency of

3

the evidence with regard to the other charges he was convicted of committing. This is because 42 Pa.C.S. § 9544(b) provides that an issue is waived if it could have been raised on, *inter alia*, direct appeal. Consequently, because defendant could have raised a claim challenging the sufficiency of the evidence of the weapons offenses on direct appeal, it is clear that the claim was waived. Accordingly, it is suggested that this Court's ruling finding no merit to defendant's first claim be affirmed.

Defendant's final two claims allege that he received ineffective assistance of counsel. Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that counsel's representation was deficient, a defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30

4

A.3d 1111, 1127 (Pa. 2011), citing <u>Commonwealth v. Dennis</u>, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic that is the basis of the ineffectiveness claim is of arguable merit. <u>Commonwealth v. Balodis</u>, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which counsel failed to use is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by counsel was designed to effectuate his or her client's interest. <u>Id</u>. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." <u>Chmiel</u>, <u>supra</u>, citing <u>Commonwealth v. Williams</u>, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added).

To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. <u>Chmiel</u>, <u>supra</u>, at 1127-28, citing <u>Dennis</u>, <u>supra</u>, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." <u>Commonwealth v. Rios</u>, 920 A.2d 790, 799 (Pa. 2007), citing <u>Commonwealth v. Albrecht</u>, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

5

place." Rios, supra, citing Pierce, supra, at 221–22; Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

Defendant's first ineffectiveness claim alleges that trial counsel was ineffective for failing to present a proper defense. According to defendant, facts existed that would have supported one or more of the following affirmative defenses: self-defense; insanity; intoxication; entrapment; defense of others; ignorance, mistake of fact or law; consent; accident; or defense of property. Defendant's 1925(b) statement at 3. Relief was denied on this claim because defendant failed to present any evidence to support any of these purported affirmative defenses. Rather, he, in a rambling and disjointed manner strung together disparate statements of law without explaining what relevance they had to his case. This is fatal to his claim because the law is clear that a PCRA petitioner claiming ineffectiveness is obliged to allege sufficient facts from which a reviewing court can determine counsel's ineffectiveness. See Commonwealth v. Pettus, 424 A.2d 1332 (Pa. 1981) (stating that a defendant may not argue ineffectiveness in a vacuum). See also Commonwealth v. Durst, 559 A.2d 504, 505 (Pa. 1989) (same).

In addition, a review of the evidence demonstrates that the defenses named by defendant had no application to his case. The facts show that after attempting to shoot the victim, defendant chased the victim and shot him several times at close range. Given the facts, it is clear that trial counsel did a masterful job of avoiding a verdict finding defendant guilty of first-degree murder. Accordingly, it is suggested that the decision finding this claim lacking in merit should be affirmed.

In the final claim, defendant attacks PCRA counsel's representation of him and asserts that counsel failed to communicate with him or develop and present meritorious

6

claims.[4] PCRA counsel's ineffectiveness, according to defendant, deprived him of "a full, fair, and meaningful opportunity during initial Collateral review...." Defendant's 1925(b) statement at 2.

This Court acknowledges that a petitioner seeking relief under the PCRA is entitled to the effective assistance of counsel. Commonwealth v. Henkel, 90 A.3d 16, 22-23 (Pa. 2014). Thus, when the adequacy of PCRA counsel's representation is called into question, a petitioner is required to establish each of the three elements comprising the ineffectiveness test set forth above. See Commonwealth v. Ousley, 21 A.3d 1238, 1246 (Pa. Super. 2011) (applying the three-part ineffectiveness test to a claim alleging the ineffectiveness of PCRA counsel).

In his 907 response, defendant did not identify even a single meritorious claim that counsel failed to raise. This is fatal to his instant claim. Commonwealth v. Hanible, 30 A.3d 426 (Pa. 2011) (no PCRA evidentiary hearing warranted where petitioner did not identify in his petition any genuine issue of material fact that, if resolved in his favor, would have compelled the grant of relief); Commonwealth v. D'Amato, 856 A.2d 806, 820 (Pa. 2004) (same); Commonwealth v. Jones, 811 A.2d 994, 1003 (Pa. 2002) ("claims of ineffective assistance of counsel are not self-proving"); Commonwealth v. Durst, 559 A.2d 504, 505 (Pa. 1989) (mere assertions of ineffectiveness "in a vacuum," lacking offer of proof of sufficient facts upon which

---

[4] Defendant preserved this claim by raising it in his response to the 907 notice. See Commonwealth v. Pitts, 981 A.2d 875 (Pa. 2009) (holding that in order to preserve claims alleging the ineffectiveness of PCRA counsel for appellate review, a petitioner must raise such claims during the PCRA stage of the proceedings).

ineffectiveness could be found must be dismissed). Consequently, it is suggested that the

order of this Court deeming the issue lacking in merit be affirmed.[5]

## CONCLUSION

Based on the foregoing, the order denying defendant PCRA relief should be

affirmed.

DATE: 8/11/14

By the Court,

_____

Honorable Jeffrey P. Minehart

---

[5] It is noted that PCRA counsel complied with the rules governing no-merit letters. He addressed all of defendant's claims in his no merit letter, advised defendant of his rights, supplied defendant with a copy of the no-merit letter, and filed a motion to withdraw. See Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2006), overruled, in part, by Pitts, supra.